### Ex Parte J. C. Burroughs.

No. 2172.  Decided October 16, 1912.

**Extradition—Identity of Relator—Habeas Corpus.**

Where, in extradition proceedings, the relator raised the question that the testimony was insufficient to identify him as the person named in the requisition, but the record showed on appeal that his identity was established by legal evidence, there was no reversible error.

Appeal from the Criminal District Court of Dallas.  Tried below before the Hon. Robt. B. Seay.

Appeal from extradition proceedings remanding relator to custody.

The State's testimony showed that the officer of the demanding State identified the relator as the man for whom he had the requisition, and that he was a fugitive from justice from that State.

No brief on file for relator.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Applicant was arrested, charged with an offense in the State of Missouri, the Governor of Texas honoring the requisition of the Governor of Missouri, and ordering the relator to be turned over to J. H. Myers, agent of the State of Missouri, to be by him transported to Missouri.

Relator sued out a writ of habeas corpus, upon the hearing of which he was remanded to the custody of Mr. Myers, from which judgment he prosecutes this appeal. The only question raised on appeal is, that the testimony is insufficient to identify him as the person named in the requisition. This can not be sustained, and the judgment of the District Court is affirmed.

*Affirmed.*